**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LAURA JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **4:18-CV-04616** |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## LINCOLN'S ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel of record, and hereby answers Plaintiff's Complaint as follows:

## NATURE OF THE CASE

1. Lincoln admits Plaintiff brings this action under Section 502 of the Employee Retirement Income Security Act ("ERISA") and seeks benefits pursuant to 29 U.S.C. § 1132(a). Lincoln denies Plaintiff is entitled to those benefits.

2. Lincoln denies that it wrongfully denied Plaintiff accidental death benefits and denies that it ignored any evidence in making the claim determination. Lincoln states that the claim file speaks for itself. Lincoln denies the remaining allegations of paragraph 2 to the extent they contradict or mischaracterize the claim file.

## PARTIES

3. Lincoln is without sufficient information to admit or deny the allegations of paragraph 3 and, therefore, denies them.

4. Lincoln admits the allegations of paragraph 4.

5. Lincoln admits that it administers claims under a Policy that funds the Plan. Lincoln denies the remaining allegations of paragraph 5.

**JURISDICTION AND VENUE**

6. Lincoln admits that jurisdiction is proper in this Court under 28 U.S.C. § 1331. Lincoln states that the law pertaining to ERISA speaks for itself. Lincoln denies the remaining allegations of paragraph 6 to the extent they are inconsistent with the applicable law.

7. Lincoln admits that venue is proper in this Court. Lincoln states that the law pertaining to ERISA speaks for itself. Lincoln denies the remaining allegations of paragraph 7 to the extent they are inconsistent with the applicable law.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Lincoln states that the Policy speaks for itself. Lincoln denies Plaintiff is entitled to benefits under the Policy.

9. Lincoln admits that it issued the Policy. Lincoln states that the Policy speaks for itself.

10. Lincoln admits that it administers claims under a Policy that funds the Plan. Lincoln denies that it is the plan administrator. Lincoln states the terms of the Policy speak for themselves. Lincoln denies the allegations of paragraph 10 to the extent they contradict or mischaracterize the Policy terms.

11. Lincoln admits that it administers claims under a Policy that funds the Plan and that it is the payor of benefits. Lincoln denies the remaining allegations of paragraph 11.

12. Lincoln states that the law of ERISA speaks for itself.

## ADMINISTRATIVE APPEAL

13. Lincoln is without sufficient information to admit or deny the allegations of paragraph 13 and, therefore, denies them.

14. Lincoln states that Ben Barbaria's ("Barbaria") medical records speak for themselves. Lincoln denies the allegations of paragraph 14 to the extent they contradict or mischaracterize Barbaria's medical records.

15. Lincoln states that the findings on Barbaria's death certificate speak for themselves. Lincoln denies the allegations of paragraph 15 to the extent they contradict or mischaracterize the findings on Barbaria's death certificate.

16. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 16 to the extent they contradict or mischaracterize the claim file.

17. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 17 to the extent they contradict or mischaracterize the claim file.

18. Lincoln admits it denied Plaintiff's claim for accidental death benefits. Lincoln states that the claim file and terms of the Policy speak for themselves. Lincoln denies the remaining allegations of paragraph 18 to the extent they contradict or mischaracterize the claim file or Policy terms.

19. Lincoln states that the claim file and referenced claim correspondence speak for themselves. Lincoln denies the allegations of paragraph 19 to the extent they contradict or mischaracterize the claim file or referenced claim correspondence.

20. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 20 to the extent they contradict or mischaracterize the claim file.

21. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of

paragraph 21 to the extent they contradict or mischaracterize the claim file.

22. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 22 to the extent they contradict or mischaracterize the claim file.

23. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 23 to the extent they contradict or mischaracterize the claim file.

24. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 24 to the extent they contradict or mischaracterize the claim file.

25. Lincoln denies that Dr. Mycyk made “an attempt to make a positive finding for Lincoln’s benefit” and that either Dr. Mycyk or Lincoln ignored any evidence in making the claim determination. Lincoln states that the claim file speaks for itself. Lincoln denies the remaining allegations of paragraph 25 to the extent they contradict or mischaracterize the claim file.

26. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 26 to the extent they contradict or mischaracterize the claim file.

27. Lincoln states that the claim file speaks for itself. Lincoln denies the allegations of paragraph 27 to the extent they contradict or mischaracterize the claim file.

## LINCOLN’S CONFLICT OF INTEREST

28. Lincoln admits that it administered claims and paid benefits under the Policy. Lincoln states that the law of ERISA speaks for itself.

29. Lincoln denies the allegations of paragraph 29.

30. Lincoln denies the allegations of paragraph 30.

## COUNT I
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

31. Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

32. Lincoln denies the allegations of paragraph 32.

**COUNT II**
**ATTORNEY'S FEES AND COSTS**

33. Lincoln realleges and incorporates herein all of the responses in the foregoing paragraphs of its Answer.

34. Lincoln denies Plaintiff is entitled to benefits and denies the allegations of paragraph 34.

**CONCLUSION**

35. In response to paragraph 35, including subparts A through E, Lincoln denies that Plaintiff is entitled to any legal or equitable relief of any kind and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to recovery because she does not qualify for benefits under the terms of the Policy.

**THIRD DEFENSE**

The terms and conditions of the Policy speak for themselves, are plain and unambiguous, and must be afforded their proper contractual language interpretation. Plaintiff is bound by the terms and conditions of the Policy.

**FOURTH DEFENSE**

If Plaintiff recovers benefits under the Policy, such benefits are subject to all of the applicable terms, conditions, exclusions and offset provisions as provided for in the Policy.

**FIFTH DEFENSE**

Plaintiff's claims are barred because Lincoln has performed its obligations under the Policy.

**SIXTH DEFENSE**

Lincoln has at all times relevant hereto complied with all applicable laws, regulations, and standards, and the claims asserted by Plaintiff are, therefore, preempted under state and federal law, or either of them.

**SEVENTH DEFENSE**

Lincoln did not breach any duty or obligation allegedly owed to Plaintiff.

**EIGHTH DEFENSE**

Plaintiff's allegations fail to form the basis for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Plaintiff would not be entitled to an award of attorney's fees or costs incurred prior to the commencement of this action.

**NINTH DEFENSE**

Lincoln reserves the right to assert additional defenses as litigation progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

*s/Melissa S. Gutierrez*
Melissa S. Gutierrez (Bar No. 24087648)
BRADLEY ARANT BOULT CUMMINGS LLP
JPMorgan Chase Tower
600 Travis Street, Suite 4800
Houston, Texas 77002
713.576.0300 (phone)
713.576.0301 (facsimile)
mgutierrez@bradley.com

Jason A. Walters (*pro hac vice* pending)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, Alabama 35203
205.521.8000 (phone)
205.521.8800 (facsimile)
jwalters@bradley.com

*Attorneys for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

M. Kevin Powers
PORTER & POWERS, PLLC
1776 Yorktown, Suite 300
Houston, Texas 77056
kevin@porterpowers.com

*s/Melissa S. Gutierrez*